# EXHIBIT A

Filing # 123608151 E-Filed 03/23/2021 02:39:55 PM

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

STEPHANIE KLEIN,

      Plaintiff,

v.

PROFESSIONAL ACCOUNT
SERVICES, INC.
a foreign for-profit corporation,

      Defendant.

_____/

Case No.:

MAR 25 2021

Served Date: _____ Time: ____

Christopher Kady #237
2nd Judicial Circuit

## SUMMONS

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint and attachments in this lawsuit upon the below-named Defendant:

Professional Account Services, Inc.
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

      A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court located at:

315 Court Street, Clearwater, Florida 33756

      A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.

      **If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.** There are other legal requirements; therefore you may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself , at the same time you file your written response to the Court you must also mail or hand deliver a carbon copy or photocopy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

1

**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
**Sean E. McEleney, Esq.**
**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
10460 Roosevelt Blvd., N, Suite 313
St. Petersburg, FL 33716
(727) 490-9919

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:

315 Court Street, Clearwater, Florida 33756

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
**Sean E. McEleney, Esq.**
**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
10460 Roosevelt Blvd., N, Suite 313
St. Petersburg, FL 33716
(727) 490-9919

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

2

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a:

315 Court Street, Clearwater, Florida 33756

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

**Aaron M. Swift, Esq.**
**Jordan T. Isringhaus, Esq.**
**Jon P. Dubbeld, Esq.**
**Sean E. McEleney, Esq.**
**SWIFT, ISRINGHAUS & DUBBELD, P.A.**
10460 Roosevelt Blvd., N, Suite 313
St. Petersburg, FL 33716
(727) 490-9919

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

DATED on ___MAR 24 2021_____

Clerk of Circuit Court

By: _____

Deputy Clerk

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

3

Filing # 123608151 E-Filed 03/23/2021 02:39:55 PM

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

STEPHANIE KLEIN,

                                     Case No.:

       Plaintiff,

v.

PROFESSIONAL ACCOUNT
SERVICES, INC.
a foreign for-profit corporation,

       Defendant.

_____/

**STATEMENT OF CLAIM**

      **COMES NOW**, Plaintiff, STEPHANIE KLEIN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, PROFESSIONAL ACCOUNT SERVICES, INC. (hereinafter, "Defendant"). In support thereof, Plaintiff states:

**PRELIMINARY STATEMENT**

      1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692 *et seq.* (hereinafter, the "FDCPA") wherein Defendant communicates with Plaintiff in an attempt to collect a consumer debt by using unfair, misleading, deceptive, unconscionable, means and by overshadowing Plaintiff's rights under the FDCPA.

**JURISDICTION, VENUE & PARTIES**

      2.     This is an action for damages for less than $8,000.00, exclusive of attorneys' fees and costs.

      3.     Jurisdiction and venue for purposes of this action are conferred by 15 United States Code, Section 1692k(d).

1

4.      Defendant is subject to the jurisdiction of this Court because Defendant regularly transacts business in Pinellas County, Florida and the complained-of conduct occurred in Pinellas County, Florida.

5.      Additionally, at all material times herein, Plaintiff is a natural person residing in Clearwater County, Florida.

6.      At all material times herein, Defendant is a foreign for-profit corporation existing under the laws of the state of Massachusetts with its principal place of business located at 175 Cabot Street, Suite 415, Lowell, Massachusetts 01854.

## FDCPA STATUTORY STRUCTURE

7.      The FDCPA was enacted to protect citizens from abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

8.      The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

9.      The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" (15 U.S.C. § 1692(e)), and courts construe its language broadly, so as to effect its

2

remedial purpose. *See Rojas v. Law Offices of Daniel C. Consuegra, P.L.*, 142 F.Supp.3d 1206 (M.D. Fla. 2015).

10.     A violation of the FDCPA is reviewed from the perspective of "the least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* at 1194 (internal citations and quotations omitted).

## GENERAL ALLEGATIONS

11.     At all material times herein, Plaintiff is an alleged "consumer" as defined by the FDCPA, Section 1692a(3) because she is a natural person allegedly obligated to pay a consumer debt.

12.     At all material times herein, Defendant is a "debt collector" as defined by the FDCPA, Section 1692a(6).

13.     At all material times herein, Defendant, itself and through its subsidiaries, regularly collects consumer debts, owed or due, or asserted to be owed or due, from consumers residing in Pinellas County, Florida.

14.     At all material times herein, Defendant uses interstate mail and telephone calls and the principal purpose of its business is to collect debt.

15.     At all material times herein, Defendant attempts to collect an alleged consumer debt identified by account number ending -2716 and/or -2688 (hereinafter, the "Debt").

16.     At all material times herein, the Debt is a consumer debt, an alleged obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

3

17.     At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FDCPA, Section 1692a(2).

18.     At all material times herein, Defendant made telephone calls and sent written correspondence to Plaintiff in an attempt to collect the Debt.

19.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, surges, representatives, third-party vendors, and insurers.

20.     All necessary conditions precedent to the filing of this action occurred or Defendant waived or excused the same.

## **FACTUAL ALLEGATIONS**

21.     On or before May 20, 2020, the original creditor with respect to the Debt turned the Debt over to Defendant for collection.

22.     On or about May 20, 2020, at approximately 3:06 p.m. ET, Defendant made a telephone call to Plaintiff from telephone number 800-755-5152.

23.     Plaintiff answered the call and spoke with Defendant's employee or representative, Kim Donaby.

24.     During the above-referenced call, Defendant's employee or representative demanded payment from Plaintiff on the alleged Debt, and also offered Plaintiff a discount if Plaintiff paid the alleged Debt immediately.

25.     Plaintiff did not receive any telephone calls or written communications from Defendant regarding the Debt prior to May 20, 2020.

26.     As such, Defendant was required to make certain disclosure under the FDCPA, Section 1692g within five (5) days of May 20, 2020.

4

27.     Specifically, pursuant to the FDCPA, Section 1692g(a):

(a) ...Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)   the amount of the debt;

(2)   the name of the creditor to whom the debt is owed;

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

28.     Defendant failed to provide Plaintiff with her statutory rights under Section 1692g during the call on May 20, 2020, and Defendant did not send any written notice to Plaintiff containing the requisite disclosures within five (5) days of May 20, 2020.

29.     Subsequently, and more than five (5) days after May 20, 2020, Plaintiff received a letter from Defendant asserting a balance owed on the Debt.  Please see attached a true and correct copy of said letter labeled as Exhibit "A."

30.     Defendant's immediately-aforementioned letter was dated and/or generated on May 21, 2020. *See* Ex. A.

31.     Importantly, Defendant's letter dated and/or generated on May 22, 2020 was the first written correspondence Plaintiff received from Defendant regarding the Debt.

5

32.     Defendant's letter dated and/or generated on May 22, 2020 advises that Plaintiff has thirty (30) days to dispute the validity of the Debt (i.e., through June 21, 2020). *Id.*

33.     Subsequently, more than five (5) days after May 20, 2020 and after Plaintiff received Defendant's letter dated and/or generated on May 22, 2020, Plaintiff received a nearly identical letter from Defendant asserting a balance owed on the Debt.  Please see attached a true and correct copy of said letter labeled as Exhibit "B."

34.     Defendant's immediately-aforementioned letter was dated and/or generated on May 21, 2020. *See* Ex. B.

35.     Importantly, Defendant's letter dated and/or generated on May 21, 2020 was the second written correspondence Plaintiff received from Defendant regarding the Debt.

36.     Defendant's letter dated and/or generated on May 21, 2020 advises that Plaintiff has thirty (30) days to dispute the validity of the Debt (i.e., through June 20, 2020). *Id.*

37.     Plaintiff retained Swift, Isringhaus & Dubbeld, P.A., d/b/a Swift Law for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

38.     As a result of Defendant's actions and inactions, Plaintiff experienced confusion, inconvenience, frustration, and annoyance, and was misled as to the duration of time she had to dispute the Debt to Defendant.

39.     The FDCPA provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant. *See* 15 U.S.C. § 1692k.

40.     As of the date of this Complaint, Defendant has not initiated a lawsuit to recover the Debt from Plaintiff.  Likewise, a final judgment regarding the Debt has neither been obtained

6

by Defendant nor transferred to Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1692g(a) and 1692g(b)

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

41.     Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendant's initial communication that contained: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42.     Additionally, Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1692g(b) by inconsistently overshadowing Plaintiff's rights under Section 1692g(a) when communicating with Plaintiff in an attempt to collect the alleged Debt.

43.     Specifically, Section 1692g(a) of the FDCPA sets forth the validation notice requirements incumbent on debt collectors.

44.     On May 20, 2020, Defendant spoke with Plaintiff via telephone and Defendant asserted a balance owed from Plaintiff on the Debt.

45.     The May 20, 2020 telephone call between Defendant and Plaintiff was the initial

7

communication from Defendant to Plaintiff regarding the Debt and is a "communication" as defined by the FDCPA.

46.     Defendant failed to provide Plaintiff with her statutory rights under 1692g during the May 20, 2020 telephone call and Defendant did not send any written notice containing the requisite disclosures within five (5) days of May 20, 2020.

47.     As such, Defendant failed to provide Plaintiff with the full, prerequisite validation notice providing Plaintiff with notice of her rights to dispute the alleged debt, or any portion thereof, along with other required information, pursuant to the FDCPA, Section 1692g within the time period for such validation notice provided thereunder.

48.     However, more than five (5) days after May 20, 2020, Plaintiff received a letter from Defendant with the validation notice and such letter was dated and/or generated on May 22, 2020.

49.     Defendant's letter dated and/or generated on May 22, 2020 was the first written correspondence Plaintiff received from Defendant regarding the Debt and advised Plaintiff she had thirty (30) days to dispute the Debt to Defendant.

50.     Subsequently, after Plaintiff received Defendant's letter dated and/or generated on May 22, 2020, Plaintiff received a nearly identical letter from Defendant—dated May 21, 2020—which *again* advised that Plaintiff she had thirty (30) days to dispute the Debt to Defendant.

51.     Defendant's letters overshadow Plaintiff's rights under the FDCPA, Section 1692g by providing inconsistent and overshadowing information regarding Plaintiff's deadline to dispute the Debt.

52.     Additionally, during Plaintiff's phone conversation with Defendant on May 20, 2020—prior to Defendant advising Plaintiff that she had the right to dispute the validity of the

8

Debt—Defendant offered Plaintiff a discount if she paid the Debt immediately.

53.     Defendant's communications with Plaintiff on May 20, 2020 overshadow Plaintiff's rights under the FDPCA, Section 1692g by leading Plaintiff to believe that she must immediately make payment on the Debt and did not have thirty (30) days to dispute the validity of the Debt.

54.     Overall, Defendant failed to provide the validation notice required by the FDCPA, Section 1692g(a) within five (5) days of Defendant's initial communication with Plaintiff regarding the Debt in violation of the FDCPA, Section 1692g(a) and Defendant's communications with Plaintiff inconsistently overshadow Plaintiff's FDCPA rights to timely dispute the Debt in violation of the FDCPA, Section 1692g(b).

55.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendant for maximum statutory damages for violations of the FDCPA;

b.     Actual damages in an amount to be determined at trial;

c.     An award of attorney's fees and costs; and

d.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

9

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

*/s/ Sean E. McEleney*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 0125561**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33716
Phone: (727) 300-1929
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

10

Filing # 123608151 E-Filed 03/23/2021 02:39:55 PM

# Exhibit A

ONPASV01
PO Box 1260
Oaks PA 19456-1260
ADDRESS SERVICE REQUESTED

**Professional**
**Account**
**Services**
**Inc.**

PO Box 188
Brentwood, TN 37024-0188
(615) 465-3998
Office Hours:
7 AM – 8 PM   CST Monday – Thursday
7 AM – 7 PM   CST Friday
8 AM – 2 PM   CST Saturday

| ACCOUNT NUMBER: | ███████ 2716 |
|---|---|
| CREDITOR | Bayfront Medical Center |
| TOTAL DUE | $295.89 |

Stephanie Klein

Visit us online
www.pasionline.com

RE: Bayfront Medical Center

Your account has been placed with this collection agency for collection.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

For questions please call 1-800-755-5152.

| Account # | Patient | Date of Svc | Account Balance |
|---|---|---|---|
| ██████-2716 | Stephanie Klein | 01/10/20 | $295.89 |

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Please see reverse side for Important Information

Remit To: Professional Account Services ● P.O. Box 188 ● Brentwood, TN 37024-0188

545576305

Visit us online
www.pasionline.com

| | IF YOU ARE PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | | EXP. DATE |
|---|---|---|---|
| CARD NUMBER | | | |
| SIGNATURE | | Amount Enclosed | |

You may pay your bill:

Online at www.pasionline.com
Enter Zip Code: ███████
Enter PASI Account Number: ██████88

By Mail at the Remit Address Below

By Phone at (800) 755-5152

| INVOICE DATE | TOTAL DUE | ACCOUNT NUMBER |
|---|---|---|
| May 22, 2020 | $295.89 | ██████2716 |
| PATIENT NAME Stephanie Klein | | |

Professional Account Services, Inc.
PO Box 188
Brentwood, TN 37024-0188

Filing # 123608151 E-Filed 03/23/2021 02:39:55 PM

# Exhibit B

ONPASV01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED



**Professional**
**Account**
**Services**
**Inc.**

PO Box 188
Brentwood, TN 37024-0188
(615) 465-3998
Office Hours:
7 AM – 8 PM   CST Monday – Thursday
7 AM – 7 PM   CST Friday
8 AM – 2 PM   CST Saturday

| ACCOUNT NUMBER: | ███-2716 |
|---|---|
| CREDITOR | Bayfront Medical Center |
| TOTAL DUE | $295.89 |

Stephanie Klein



Visit us online
www.pasionline.com

RE: Bayfront Medical Center

Your account has been placed with this collection agency for collection.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

For questions please call 1-800-755-5152.

| Account # | Patient | Date of Svc | Account Balance |
|---|---|---|---|
| ███-2716 | Stephanie Klein | 01/10/20 | $295.89 |

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Please see reverse side for Important Information

Remit To: Professional Account Services ● P.O. Box 188 ● Brentwood, TN 37024-0188

545041081



Visit us online
www.pasionline.com



You may pay your bill:

Online at www.pasionline.com
Enter Zip Code: ██████
Enter PASI Account Number: ███████88

By Mail at the Remit Address Below

By Phone at **(800) 755-5152**

Professional Account Services, Inc.
PO Box 188
Brentwood, TN 37024-0188